13-4603-cr
*United States v. Rissew*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Fordham University School of Law, at 150 West 62nd Street, in the City of New York, on the 10th day of October, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                      *Chief Judge*,
               DENNY CHIN,
                      *Circuit Judge*,
               LORETTA A. PRESKA,
                      *Chief District Judge*.[*]

_____

UNITED STATES OF AMERICA,

                      *Appellant*,

                      v.                                            No. 13-4603-cr

ADAM P. RISSEW,

                      *Defendant-Appellee*.

_____

For Appellant:              JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellee:    MARYBETH COVERT, Attorney for Federal Public Defender's

_____

[*] The Honorable Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

Office, Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the decision of the district court granting Defendant-Appellee Adam Rissew's motion to suppress be and hereby is **REVERSED**, and the case **REMANDED** for further proceedings.

The United States appeals from an order entered on November 8, 2013, by the United States District Court for the Western District of New York (Skretny, *C.J.*) granting Defendant-Appellee Adam Rissew's motion to suppress evidence discovered during a police search of his home. The district court held that although the search at issue was conducted pursuant to a warrant, that warrant was invalid because it was not supported by probable cause. It further held that the good faith exception to the exclusionary rule did not apply, because the warrant application was so lacking in indicia of probable cause that a reasonable officer could not rely on the resulting warrant. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Where, as here, the relevant facts are undisputed, we review de novo the legal issues of whether a warrant was supported by probable cause and whether the good faith exception applies. *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011). Probable cause for a search warrant requires "a fair probability that contraband or evidence of a crime will be found" in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Where a magistrate finds probable cause and issues a search warrant, "the task of a reviewing court is simply to ensure that the 'totality of the circumstances' afforded the magistrate 'a substantial basis' for making the

2

requisite probable cause determination." *Clark*, 638 F.3d at 93 (quoting *Gates*, 462 U.S. at 238).

Moreover, "[w]hen police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted 'in objectively reasonable reliance' on the subsequently invalidated search warrant." *Herring v. United States*, 555 U.S. 135, 142 (2009) (quoting *United States v. Leon*, 468 U.S. 897, 922 (1984)). The burden rests on the government to prove that police reliance on a warrant was objectively reasonable. *Clark*, 638 F.3d at 100. Police reliance on a warrant is not objectively reasonable if, inter alia, the warrant application is "so lacking in indicia of probable cause as to render reliance upon it unreasonable." *Id.* (quoting *United States v. Moore*, 968 F.2d 216, 222 (2d Cir. 1992)). That, however, "is a very difficult threshold to meet." *United States v. Falso*, 544 F.3d 110, 128 n.24 (2d Cir. 2008). It most often applies "when affidavits are bare bones, *i.e.*, totally devoid of factual circumstances to support conclusory allegations." *Clark*, 638 F.3d at 103. By contrast, where "'thoughtful and competent judges' might disagree as to whether the facts alleged established probable cause," the good faith exception should apply to prevent suppression. *Id.* at 104 (quoting *Leon*, 468 U.S. at 926).

We agree with the government that the district court erred in holding that the good faith exception did not apply. The warrant application in this case alleged (among other things) that a confidential informant had told the police eight months earlier that Rissew was growing marijuana in his house; that Rissew's young son had told a confidential source eleven days earlier that his father was growing "bamboo" in his house and had identified a picture of marijuana as looking like his father's "bamboo"; and that records from Rissew's electric company showed that for the past fourteen months, his house had used on average four to five times the electricity of comparable houses, which is indicative of a marijuana growing operation.

We are convinced that "thoughtful and competent judges" might believe these allegations were sufficient to demonstrate probable cause. *Clark*, 638 F.3d at 104 (quoting *Leon*, 468 U.S. at 926); *see United States v. Thomas*, 605 F.3d 300, 308 (6th Cir. 2010); *United States v. Kattaria*, 553 F.3d 1171, 1176 (8th Cir. 2009) (per curiam); *United States v. Huggins*, 299 F.3d 1039, 1045 (9th Cir. 2002). It was therefore objectively reasonable for the executing officers to rely on the magistrate's decision to issue a warrant, and the good faith exception applies to prevent suppression of the resulting evidence.[1]

In his suppression motion, Rissew also sought suppression of certain comments he made to the police after he was arrested, claiming that those comments were elicited in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The district court did not reach Rissew's *Miranda* argument; instead, it held that his comments should be suppressed as the fruit of the poisonous tree, since (in its opinion) they stemmed from the search of Rissew's home. Because we hold that the good faith exception applies, we reverse that part of the district court's decision as well. But as the district court has not yet considered Rissew's *Miranda* argument, we express no opinion on its merits, and we do not foreclose Rissew from raising it again on remand.

For the reasons given above, we **REVERSE** the decision of the district court granting Rissew's motion to suppress, and **REMAND** for further proceedings.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Because the good faith exception will prevent suppression in any case, we need not decide (and do not decide) whether the warrant was in fact supported by probable cause.